**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 08-cv-01675-REB

LINDA S. NELSON,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

      Defendant.

---

**ORDER REVERSING DISABILITY DECISION**
**AND DIRECTING AWARD OF BENEFITS**

---

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1], filed August 7, 2008, seeking

review of the Commissioner's decision denying plaintiff's claim for disability insurance

benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*  I have

jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The

matter has been fully briefed, obviating the need for oral argument.  I reverse the

decision and direct an award of benefits in plaintiff's favor.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that she is disabled as a result of anticardiolipin antibody

syndrome, antipphospholipid syndrome, systemic lupus erythematosus,

encephalopathy, and a history of headaches and mini cerebral infarcts.  After her

application for disability insurance benefits was denied initially, plaintiff requested a

hearing before an administrative law judge.  A hearing was held on February 17, 2004,

and resulted in an unfavorable decision.  After the Appeals Council upheld that decision, plaintiff appealed to the district court, which reversed and remanded.  A second hearing was held on July 24, 2007.  At the time of this latter hearing, plaintiff was 56 years old. She has a high school education and past relevant work experience as a revenue agent, office manager, administrative assistant, inventory control agent, receptionist, and teacher's aide.  Plaintiff has not engaged in substantial gainful activity since September 24, 2001.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits.  Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations.  He found that a variety of other impairments were not severe.  The ALJ found that plaintiff had the residual functional capacity to perform light work with some limitations and thus could return to her past relevant work as a receptionist, office manager, and administrative assistant.  Plaintiff, therefore, was found not disabled at step four of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social

Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).   However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1.      The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity.  A claimant who is working is not disabled regardless of the medical findings.

2.      The ALJ  must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3.      The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4.      If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform her past work despite any limitations.

5.      If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th

Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four

steps of this analysis.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294

n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that

the claimant is capable of performing work in the national economy.  *Id.*  A finding that

the claimant is disabled or not disabled at any point in the five-step review is conclusive

and terminates the analysis.  *Casias v. Secretary of Health & Human Services*, 933

F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining

whether the ALJ applied the correct legal standard and whether the decision is

supported by substantial evidence.  *Hamilton v. Secretary of Health and Human*

*Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194,

1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would

accept as adequate to support a conclusion.  *Brown*, 912 F.2d at 1196.  It requires

more than a scintilla but less than a preponderance of the evidence.  *Hedstrom v.*

*Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is

overwhelmed by other evidence in the record or constitutes mere conclusion."

*Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed

to apply the correct legal test, there is a ground for reversal apart from a lack of

substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

Although a reviewing court should meticulously examine the record, it may not reweigh

the evidence or substitute its discretion for that of the Commissioner.  *Id.*

## III.  LEGAL ANALYSIS

Plaintiff argues that the ALJ improperly ignored the district court's instructions on

remand and erred in assessing her treating physicians' opinions.  I agree on both

counts.

In his original order, the ALJ found that plaintiff suffered from the severe

impairments of anticardiolipin antibody syndrome ("AAS"), antiphospholipid syndrome

("APS"), systemic lupus erythematosus ("SLE"), encephalopathy, and a history of mini

cerebral infarcts.  (Tr. 19.)  Nevertheless, he discredited her subjective complaints of

pain and functional limitations as unsupported by the evidence of record.  (Tr. 18.)  On

appeal, the district court was presented with evidence regarding the nature of AAS and

APS, blood disorders associated with SLE that can produce a variety of neurological

symptoms.  (Tr. 351-352.)[1]  Based on this evidence, the district court found that "the

ALJ did not understand that [plaintiff] suffered from a neurological disorder this is

consistent with her subjective complaints" and therefore remanded.  (Tr. 352.)

On remand, the ALJ, in considering whether plaintiff suffered from severe

impairments, stated as follows:

> While the Administrative Law Judge respectfully
> acknowledges the information cited by the District Court

---

[1]  "Systemic Lupus Erythematosus (SLE or lupus for short) is disease of the immune system (autoimmune disease) affecting many different organ systems throughout the body.  Neurological and psychiatric symptoms occur in many patients due to the disease process itself however the issue is further complicated by the fact that drugs used in SLE and other 'rheumatological' conditions may have a variety of neurological side effects. In addition neurological problems may result from damage to other organ systems such as the liver and kidneys."  *Lupus Neurology*, *available at* http://www.asktheneurologist.com/lupus-neurology.html (last accessed on July 23, 2009).

> concerning the plaintiff's blood disorder, this information, which was obtained via print-out off the internet's world-wide web, offers only generalizations about the types of symptoms and related limits which "may" or "could" be experienced by individuals with AAS.  Respectfully, I am inclined to find that it is of marginal value in determining the existence of a medically determinable impairment or specific limitations related to this particular claimant.  To the contrary, the available medical evidence in this case, including testimony received from a medical expert/ neurologist at the recent hearing and consultative examinations, persuades the undersigned that the claimant is without any severe immune system or neurological impairment to account for her subjective complaints.

(Tr. 335-336.)  Plaintiff maintains that in so holding, the ALJ failed to follow the law of the case.  I agree, albeit for slightly different reasons than those on which plaintiff relies.

"The law of the case doctrine prevents the relitigation of the settled issues in a case, thus protecting the settled expectations of the parties, ensuring uniformity of decision, and promoting judicial efficiency."  ***Ozbun v. Callahan***, 968 F.Supp. 478, 480 (S.D. Iowa 1997) (citation and internal quotation marks omitted).  ***See also*** 18B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, and EDWARD H. COOPER, ***Federal Practice & Procedure, Jurisdiction 2nd*** § 4478.3 at 759 ("[A]n issue ... decided on appeal ... become[s] part of the mandate binding on remand.").  "Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review."  ***Sullivan v. Hudson***, 490 U.S. 877, 886, 109 S.Ct. 2248, 2254, 104 L.Ed.2d 941 (1989).  This rule pertains whether the district court decided an issue directly or by necessary implication.  ***Poppa v. Astrue***, 569 F.3d 1167, 1170 (10th Cir. 2009).

Here, the district court remanded because it found that the ALJ had failed to properly assess plaintiff's subjective complaints of pain, which it noted were among those typically associated with the type of impairments from which the ALJ concluded plaintiff suffered.  The district court, thus, necessarily relied on the ALJ's original conclusion that plaintiff suffered from, *inter alia*, SLE, an impairment that usually causes significant neurological consequences.  (**See supra**, n.1.)  On remand, however, the ALJ conducted a wholesale reexamination of plaintiff's alleged impairments and redetermined which were severe and which were not severe.  This time, he concluded that SLE was *not* a severe impairment.  Indeed, he found that plaintiff did not suffer from any immune system or neurological impairment sufficient to account for her subjective complaints.[2]  Pursuant to the law of the case doctrine, the ALJ was not free to reverse course on this issue, essentially negating the earlier finding that formed the basis of the district court's order.

Nor does this case present any of the "exceptionally narrow" circumstances in which deviation from the law of the case is permissible.  **See Huffman v. Saul Holdings Limited Partnership**, 262 F.3d 1128, 1133 (10th Cir. 2001) (court may depart from the law of the case only "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice") (citation and internal quotation marks

---

[2]  In addition, the ALJ did not address plaintiff's diagnoses of encephalopathy and APS, or her history of mini cerebral infarcts, at all, despite the fact that he previously determined these impairments to be severe.

omitted).  The only potentially relevant consideration here is the first: whether the

evidence available at the second hearing was "substantially different."  At the second

hearing, the ALJ elicited the testimony of Dr. Dale Peterson, a neurologist, who testified,

*inter alia*, that plaintiff did not have "typical lupus."  (Tr. 450.)  This opinion, however,

does not constitute "substantially different" evidence.  Dr. Peterson did no more than

offer a reinterpretation of the evidence previously submitted in connection with the

original administrative hearing.  "There is no provision in the [Social Security] Act for

correction of errors in the initial determination based on some arguably more informed,

later review of the same evidence."  *Carrillo v. Heckler*, 599 F.Supp. 1164, 1168

(S.D.N.Y. 1984) (citing *Mersel v. Heckler*, 577 F.Supp. 1400, 1404 (S.D.N.Y. 1984)).

*See also In re Japanese Electronic Products Antitrust Litigation*, 807 F.2d 44, 48

(3rd Cir. 1986) (expert reports submitted after remand attempting to explain and bolster

evidence previously found insufficient to support plaintiffs' claims did not come within

exception to law of the case).  These new opinions on the prior evidence, thus, were not

sufficient to warrant deviation from the law of the case.

On remand, therefore, the ALJ should have considered whether plaintiff's SLE,

as well as other the other severe impairments previously determined to exist, were

consistent with her symptoms and complaints.  Yet even to the more limited extent he

addressed this issue, the ALJ further erred in considering the opinions of plaintiff's

treating sources.  The opinion of a treating source is generally entitled to controlling

weight so long as it is "well-supported by medically acceptable clinical and laboratory

diagnostic techniques and is not inconsistent with other substantial evidence in the case

record." 20 C.F.R. § 404.1527(d)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297,

1300 (10th Cir. 2003). Even if a treating source opinion is not given controlling weight, it

is still entitled to deference "and must be weighed using all of the factors provided in 20

C.F.R. 404.1527 and 416.927." **Social Security Ruling 96-2p**, 1996 WL 374188 at *4

(SSA July 2, 1996). *See also Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir.

2004).[3] In either event, a treating source opinion may not be rejected absent good

cause for specific, legitimate reasons clearly articulated in the hearing decision.

*Watkins*, 350 F.3d at 1301; *Goatcher v. United States Department of Health &*

*Human Services*, 52 F.3d 288, 290 (10th Cir. 1995); *Frey v. Bowen*, 816 F.2d 508, 513

(10th Cir. 1987).

The ALJ rejected the opinions of all plaintiff's treating doctors on the ground that

they were premised largely on plaintiff's subjective complaints and not substantiated by

objective medical findings. Neither part of this rationale withstands scrutiny. First, the

mere fact that treating doctor relies on a claimant's subjective reports is not in itself

sufficient to undermine his or her otherwise proper medical opinion:

> A medical finding of disability . . . includes an evaluation of

---

[3] These factors include:

1.   the physician's length of treatment of the claimant;
2.   the physician's frequency of examination;
3.   the nature and extent of the treatment relationship;
4.   the support of the physician's opinion afforded by the medical evidence of record;
5.   the consistency of the opinion with the record as a whole; and
6.   the specialization of the treating physician.

20 C.F.R. § 404.1527(d)(2).

> the patient's medical history and the physician's
> observations of the patient, and necessarily involves an
> evaluation of the credibility of the patient's subjective
> complaints of pain.  A medical opinion based on all of these
> factors is medical evidence supporting a claim of disabling
> pain, even if the objective test results, taken alone, do not
> fully substantiate the claim.

***Nieto v. Heckler***, 750 F.2d 59, 60-61 (10th Cir. 1984); ***see also Orender v. Barnhart***,

2002 WL 1747501 at *6-7 (D. Kan. July 16, 2002).  None of plaintiff's treating doctors,

and indeed, no medical source, has ever opined that plaintiff is malingering or otherwise

exaggerating her symptomology.

Second, the Commissioner's own regulations make clear that a lack of objective

medical evidence alone is not sufficient to discredit a claimant's subjective reports of

disabling pain.  ***See*** 20 C.F.R. § 404.1527(c)(2); **Social Security Ruling 96-7p**, 1996

WL 374186 at * 3 (SSA July 2, 1996).  The Commissioner, thus, recognizes that an

impairment that can be thought to produce some pain may produce disabling pain in a

particular individual.  ***See Luna***, ***v. Bowen***, 834 F.2d 161, 164 (10th Cir. 1987).  Given

this recognition, the Tenth Circuit has outlined a tripartite test for evaluating subjective

complaints of pain:

> We must consider (1) whether Claimant established a pain-
> producing impairment by objective medical evidence; (2) if
> so, whether there is a "loose nexus" between the proven
> impairment and the Claimant's subjective allegations of pain;
> and (3) if so, whether, considering all the evidence, both
> objective and subjective, Claimant's pain is in fact disabling.

***Musgrave***, 966 F.2d at 1375-76 (citing ***Luna***, 834 F.2d at 163-64).  In applying these

standards, the ALJ should consider a number of factors that may either support or

undermine the credibility of the plaintiff's subjective complaints.  ***See* Social Security

**Ruling 96-7p**, 1996 WL 374186 at \* 3.[4]  Although the ALJ cited these factors (Tr. 338-

339), he failed to actually apply them (***see*** Tr. 339-341).  Instead, he relied exclusively

on the repeated observation that plaintiff's subjective complaints of pain were not

supported by objective medical findings.  Accordingly, he failed to apply the correct legal

test and reversal is required.

Plaintiff asks the court to forgo remand and direct the Commissioner to award her

benefits.  I find the circumstances of this case present an appropriate opportunity for the

exercise of my discretion in that regard.  ***See Nielson v. Sullivan***, 992 F.2d 1118, 1122

(10th Cir. 1993).  Plaintiff's primary care physician, Dr. Raphael d'Angelo, opined that

---

[4]  Such factors include the following:

> 1. The individual's daily activities;
>
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
>
> 3. Factors that precipitate and aggravate the symptoms;
>
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

**Social Security Rruling 96-7p**, 1996 WL 374186 at \* 3.

plaintiff is unable to work full time in any capacity.  (Tr. 220.)  Likewise, her treating

neurologist, Dr. Carolyn Burkhardt, stated that plaintiff is not capable of returning to

work.[5]  (Tr. 199.)  Although a doctor's bare statement that a claimant is disabled is not

dispositive on the issue, as the determination of disability is ultimately reserved to the

Commissioner, the ALJ must still consider the medical findings and evidence that

support such statements.  20 C.F.R. § 404.1527(e)(1) (ALJ must review "all of the

medical findings and other evidence that support a medical source's statement that you

are disabled").  *See also Martin v. Commissioner of Social Security*, 2006 WL

509393 at *2 (6th Cir. 2006); *Nicholson v. Commissioner of Social Security*

*Administration*, 600 F.Supp.2d 740, 786 (N.D. W. Va. 2009).   Dr. d'Angelo's and Dr.

Burkhardt's opinions are supported by the evidence of record, which amply

demonstrates that plaintiff suffers from a number of serious, chronic, interrelated

disorders that, although they wax and wane to some extent, profoundly impact her

ability to function most of the time.  Accordingly, these treating source opinions should

have been afforded controlling weight, which would dictate a finding that plaintiff is in

fact disabled.  Under the circumstances, a remand would only serve to further delay an

award of benefits to which plaintiff clearly is entitled.

---

[5] The ALJ gave this evidence an extremely cramped reading, noting that Dr. Burkhardt appeared to limit her opinion to plaintiff's most recent job.  (*See* Tr. 340.)  Given that Dr. Burkhardt's opinion was premised on plaintiff's profound memory loss, the ALJ's rationale does not present a legitimate reason for discrediting this treating source opinion.  Likewise, the ALJ's observation that Dr. Burkhardt expressed an early confidence that plaintiff's condition could be resolved within twelve months (Tr. 201, 340) fails to consider whether that optimism was borne out by experience.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

2.  That **JUDGMENT SHALL ENTER** in favor of plaintiff and against the Commissioner;

3.  That the Commissioner is **DIRECTED** to award plaintiff benefits as September 24, 2001; and

4. That plaintiff is **AWARDED** her costs, to be taxed by the Clerk of the Court pursuant to **FED.R.CIV.P**. 54(d)(1) and **D.C.COLO.LCivR** 54.1, and as permitted by 28 U.S.C. § 2412(a)(1).

Dated July 27, 2009, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge

13